## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

BARBARA ANN KELLY and
GREGORY MYERS

    Plaintiffs,

    v.

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION,

    Defendant.

Civil Action No. TDC-15-1115

## MEMORANDUM ORDER

Pending before the Court is the Motion to Remand filed by Barbara Ann Kelly and Gregory Myers.  The Motion is fully briefed and ripe for disposition.  No hearing is necessary to resolve the issues.  *See* D. Md. Local Rule 105.6.  For the reasons set forth below, the Motion is GRANTED.

On or about August 29, 2014, Mark Wittstadt initiated a foreclosure proceeding against Kelly and Myers in the Circuit Court for Montgomery County, Maryland.  On February 13, 2015, Kelly and Myers (collectively, "Kelly"), the defendants in that action, filed a verified third-party complaint ("the Third-Party Complaint") against JP Morgan Chase Bank, National Association ("Chase"), alleging breach of contract based on Chase's refusal to modify Kelly's mortgage loan.  On February 18, 2015, pursuant to a standing August 20, 2012 Administrative Order, the Clerk of the Circuit Court "severed for the purpose of litigation" the Third-Party Complaint from the foreclosure action, assigned it a separate case number, marked it as related to the foreclosure action, and "delivered together" the foreclosure case and the Third-Party

Complaint case to the next available judge "for the resolution of any preliminary motions and determination of the order in which the issues raised shall be heard."  Admin. Order, ECF No. 3. The foreclosure action retained the original case number of 394829V; the Third-Party Complaint received the case number 401247V.  On April 20, 2015, Chase removed 401247V on the basis of diversity jurisdiction.  On May 18, 2015, Kelly filed the pending Motion to Remand.  On June 4, 2015, Chase filed a Response.  Kelly did not file a Reply.

A defendant in a state civil action may remove the case to federal district court provided that the district court would have had original jurisdiction had the action been filed there in the first instance.  28 U.S.C. § 1441(a) (2012).  When the plaintiff challenges the propriety of removal, the defendant bears the burden to establish that removal was proper.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).  "Doubts about the propriety of removal should be resolved in favor of remanding the case to state court."  *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

Kelly argues that removal was improper because, under 28 U.S.C. § 1441(a), only the original defendant in the state court action may remove the case, such that Chase, as the third-party defendant, may not do so.  Generally, a counter-defendant or a third-party defendant may not remove a case to federal court.  *Palisades Collections LLC v. Shorts*, 553 F.3d 327, 333 (4th Cir. 2008).  In *Cohn v. Charles*, 857 F. Supp. 2d 544 (D. Md. 2012), the court held that counter-defendants and a third-party defendant in a foreclosure action could not remove the original defendants' counterclaim and third-party complaint to federal court.  *Id.* at 548-49.  The court rejected the counter-defendants' and third-party defendant's attempt to "unilaterally sever the Counterclaim and Third Party Complaint from the foreclosure proceeding."  *Id.* at 548.

Chase argues that the Administrative Order severing Kelly's Third Party Complaint from the foreclosure action distinguishes the present case from *Cohn*.  In a recent case in this district, the court (Chasanow, J.) addressed the precise question at issue here:  whether the actions directed by the very same Montgomery County Circuit Court Administrative Order upon the filing of a third-party complaint by a foreclosure defendant rendered the third-party complaint removable.  *Wittstadt v. Reyes*, No. 15-1263, 2015 WL 4232379, at *3 (D. Md. July 13, 2015). The court concluded that it did not.  *Id.*  Although the Administrative Order severs counterclaims from the foreclosure proceeding "for the purpose of litigation,"  "'[s]everance for litigation' is not the same as severance into independent separate actions sufficient to trigger the right to remove."  *Id.* at *1, 3.  Noting that administrative orders generally do not alter substantive aspects of a case, the court read the Administrative Order as merely granting the Circuit Court more flexibility in addressing the thorny issues that often arise when counterclaims are filed in foreclosure actions.  *Id.* at *3; *see Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship*, 655 A.2d 1265, 1275 n.9 (Md. 1995) (noting the "practical difficulties" that stem from the docketing of counterclaims in foreclosure proceedings).  For instance, the Administrative Order allows the Circuit Court to decide "the order in which the issues raised shall be heard" and whether to try actions separately.  Admin. Order.  The fact that counterclaims and foreclosure cases are "marked as related and kept together" further indicates that they do not constitute separate actions subject to removal.  *Wittstadt*, 2015 WL 4232379, at *3.  To interpret the Order otherwise "would not promote the efficient adjudication" of such related matters.  *Id.*

The Court finds the analysis of *Wittstadt* persuasive and reaches the same conclusion, that the Administrative Order merely bifurcates the foreclosure action and the Third-Party Complaint to facilitate the Circuit Court's case management and thus does not alter the general rule that a

third-party complaint may not be removed under 28 U.S.C. § 1441(a).  *See Palisades Collections LLC,* 553 F.3d at 333.  Chase has thus failed to carry its burden to show that removal was proper.

The Court will not, however, grant Kelly's request for attorney's fees.  A remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Although the Court finds that removal was improper, the interpretation of the Administrative Order upon which Chase based its removal argument was not objectively unreasonable, particularly given that *Wittstadt* had not been decided as of the date of removal.  *See Cohn*, 857 F. Supp. 2d at 549-50 (remanding but denying fees given the unsettled state of remand law in relation to foreclosure proceedings).  The Court therefore denies Kelly's request for attorney's fees.

Because the Court is remanding this case, it need not reach Kelly's abstention argument.  In addition, the Court's remand order renders as moot Chase's Motion to Dismiss, ECF No. 15, and Kelly's Motion for Leave to File Surreply, ECF No. 19.

Accordingly, it is hereby ORDERED that:

1. Kelly's Motion to Remand, ECF No. 14, is GRANTED;

2. Kelly's request for attorney's fees is DENIED;

3. Chase's Motion to Dismiss, ECF No. 15, is DENIED AS MOOT;

4. Kelly's Motion to File Surreply, ECF No. 19, is DENIED AS MOOT;

5. This case is remanded to the Circuit Court for Montgomery County, Maryland; and

6. The Clerk is directed to close the case.


Date:  December 17, 2015                        _____/s/_____
                                               THEODORE D. CHUANG
                                               United States District Judge